UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


UNITED STATES OF AMERICA,

        Plaintiff,

                                  File No. 1:02-CR-38

v.

                                  HON. ROBERT HOLMES BELL

DAVID LEMAR ANDERSON,

        Defendant.
                                /

## O P I N I O N

This matter comes before the Court on Defendant David Lemar Anderson's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct the sentence imposed upon him by this Court on September 29, 2003. For the reasons that follow, Defendant's motion is denied.

### I.

On June 13, 2003, in accordance with a written plea agreement, Defendant entered a plea of guilty in this Court to one count of conspiracy to distribute in excess of 500 grams of methamphetamine, in violation of 21 U.S.C. §§ 846, 841(a) and 841(b). The plea agreement indicated that the conspiracy had taken place between 1995 and 2001 and involved Defendant David Anderson, his cousin, Tony Anderson, David Lee Oliver, and other persons, both known and unknown. In the plea agreement, Defendant admitted to being accountable for up to ten pounds of methamphetamine, which would produce a base offense level of 34 under the applicable Sentencing Guidelines. The terms of the written

agreement were repeated at the sentencing hearing. (Plea Agreement, Docket #103; Plea Tr. at 8-9, Docket #148.) The Court also engaged in substantial discussion with Defendant as to the amount of drugs he had agreed to plead guilty to conspiring to distribute. (Plea Tr. at 16-17.)   Defendant admitted that he was responsible for up to ten pounds of methamphetamine. (Plea Agreement, Docket #99; Plea Tr. at 23-25, Docket #111.) The Court accepted the guilty plea but reserved its decision whether to accept the plea agreement until after it had the opportunity to review the Presentence Report. (Plea Tr. at 24.) Defendant was referred to the probation officer for issuance of a Presentence Report.

After completing the necessary interviews, the probation officer issued an initial Presentence Report, in which he recommended that Defendant be given a two-point upward adjustment to the base offense level of 34 for obstruction of justice and that he be denied the possible three-point reduction for acceptance of responsibility. The basis for the recommendation was that Defendant had refused to admit that he had conspired with his cousin, Tony Anderson, had minimized the quantity of drug attributable to him, and had participated in a brutal beating of another co-conspirator for failure to pay a drug debt. In addition, the probation officer recommended that Defendant be assessed a three-level upward adjustment for his leadership role and a two-level upward adjustment for the possession of a dangerous weapon during the commission of the offense. The total offense level recommended in the Presentence Report, therefore, was 41.

Defense counsel lodged numerous objections to the report. Thereafter, in order to avoid a contested sentencing hearing, the government entered into further negotiations with Defendant. Three days before the sentencing hearing, Defendant entered into a stipulation of additional facts. In that stipulation, he admitted that, in October 1997, he had used a shovel-type instrument to beat his co-conspirator, Albert Brooks, after Brooks failed to pay a drug debt. He also admitted details concerning his conspiracy with ten other persons, including his cousin, Tony Anderson. (Stip. of Facts, Docket #160, Ex. A.) In exchange for these additional admissions of fact, the government did not argue at sentencing either for the obstruction of justice enhancement or against the acceptance of responsibility downward adjustment. (Sent. Tr. at 5-6; Docket #149.)

On September 29, 2003, Defendant appeared for sentencing. At that time, after offering the parties an opportunity to object, the Court accepted the plea agreement. (Sent. Tr. at 3-4.) The Court found that Defendant was responsible for 4.5 kilograms of methamphetamine, placing Defendant at a base offense level of 34, consistent with the plea agreement. The Court further concluded, in accordance with Defendant's stipulation of facts, that Defendant (1) possessed a dangerous weapon, resulting in a two-level upward adjustment under U.S.S.G. § 2D1.1(b), and (2) was a manager or supervisor of a conspiracy involving five or more, resulting in a three-level upward adjustment under U.S.S.G. § 3B1.1(b). The Court rejected the probation department's recommendation that Defendant be given a three-level upward adjustment for obstruction of justice and found that Defendant

was entitled to a three-point reduction for his timely acceptance of responsibility (Sent. Tr. at 5-7.) As a result, the Court found a total offense level of 36. (Sent. Tr. at 7.) The Court also found, consistent with the Presentence Report, that Defendant had one criminal history point, resulting in a criminal history category one. Taken together, the Defendant's sentencing range for the offense was 188 to 235 months.

The Court rejected the recommendation of the government that it impose a sentence at the high end of the guideline range. The Court concluded that the two-level enhancement to the Sentencing Guidelines for possession of a weapon had adequately taken into account Defendant's assault on Albert Brooks, inasmuch as it resulted in a 37-month increase in sentence at the low end of the range and a 47-month increase at the high end of the range. Taking into account all of the factors, the Court sentenced Defendant to 188 months, the lowest sentence available within the Guidelines range. (Sent. Tr. at 18-19.) The Court also ordered five years of supervised release and imposed a $4,490.00 fine. Defendant did not appeal his sentence. He filed the instant motion on October 12, 2004.

## II.

A prisoner who moves to vacate his sentence under § 2255 must show that the sentence was imposed in violation of the Constitution or laws of the United States, that the court was without jurisdiction to impose such sentence, that the sentence was in excess of the maximum authorized by law, or that it is otherwise subject to collateral attack. 28 U.S.C. § 2255. To prevail under § 2255, "a petitioner must demonstrate the existence of an error of

4

constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict." *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993)). "Relief is warranted only where a petitioner has shown 'a fundamental defect which inherently results in a complete miscarriage of justice.'" *Id.* (quoting *Davis v. United States*, 417 U.S. 333, 346 (1974)).

In order to obtain collateral relief under § 2255, a petitioner must clear a significantly higher hurdle than would exist on direct appeal. *United States v. Frady*, 456 U.S. 152, 166 (1982). A petitioner is procedurally barred from raising claims in a § 2255 motion, even those of constitutional magnitude, to which no contemporaneous objection was made or which were not presented on direct appeal. *Frady*, 456 U.S. at 167-68; *Nagi v. United States*, 90 F.3d 130, 134 (6th Cir. 1996). Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in a motion under § 2255 only if the defendant first demonstrates either cause for the default and actual prejudice or that he is actually innocent. *Bousley v. United States*, 523 U.S. 614, 622 (1998). The procedural default rule does not apply, however, to claims of ineffective assistance of counsel. Claims of ineffective assistance of trial counsel generally are not reviewable on direct appeal, because the record may be inadequate to permit review. *See United States v. Kincaide*, 145 F.3d 771, 785 (6th Cir. 1998); *United States v. Tucker*, 90 F.3d 1135, 1143 (6th Cir. 1996). Consequently, such claims may be raised for the first time in a § 2255 proceeding, without

regard to a failure to raise them on direct appeal. *See Tucker*, 90 F.3d at 1143; *United States v. Allison*, 59 F.3d 43, 47 (6th Cir. 1995).

In an action to vacate or correct the sentence, a court is required to grant a hearing to determine the issues and make findings of fact and conclusions of law "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief. . . ." 28 U.S.C. § 2255.

> The statute "does not require a full blown evidentiary hearing in every instance . . . . Rather, the hearing conducted by the court, if any, must be tailored to the specific needs of the case, with due regard for the origin and complexity of the issues of fact and the thoroughness of the record on which (or perhaps, against which) the section 2255 motion is made."

*Smith v. United States*, 348 F.3d 545, 550-51 (6th Cir. 2003) (quoting *United States v. Todaro*, 982 F.2d 1025, 1030 (6th Cir. 1993)). No evidentiary hearing is required if the petitioner's allegations "cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995), *quoted in Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999). Where the judge considering the § 2255 motion also conducted the trial, the judge may rely on his or her recollections of the trial. *Blanton v. United States*, 94 F.3d 227, 235 (6th Cir. 1996).

### III.

The files and records in this case conclusively show that Defendant is not entitled to relief in this action. Defendant raises three claims. First, he contends that he was denied his

Sixth Amendment right to a jury trial when the Court imposed a sentence based on its finding that Defendant had possessed a weapon and beaten Albert Brooks. Second, in a related ground, Defendant alleges that the Supreme Court's decision in *Blakely v. Washington*, 124 U.S. 2531 (2004), which expanded the reach of *Apprendi v. New Jersey*, 530 U.S. 466 (2000), should be applied retroactively to his case. Third, he argues that trial counsel was ineffective in two ways: (1) counsel failed to object to the imposition of enhancements to his base offense level based upon facts not established within the meaning of *Apprendi*; and (2) counsel rendered ineffective assistance when he failed to consult with Defendant about his right to appeal his sentence and failed to file a timely notice of appeal.

Defendant's substantive claims, with the exception of his claims of ineffective assistance of counsel, are procedurally defaulted because he failed to raise those claims on direct appeal. *See Frady*, 456 U.S. at 167-68. He therefore is not entitled to relief unless he demonstrates either cause and actual prejudice or that he is actually innocent of the offense. *Bousley*, 523 U.S. at 622.

To show cause excusing a procedural default, a defendant must point to "some objective factor external to the defense" that prohibited him from raising his claim on direct appeal. *See Murray v. Carrier*, 477 U.S. 478, 488 (1986). Put another way, cause requires a showing of some "external impediment" preventing a defendant from raising the issue on direct appeal. *See McCleskey v. Zant*, 499 U.S. 467, 497 (1991). To show prejudice, a defendant must demonstrate an error that worked to his actual and substantial disadvantage.

7

*Frady*, 456 U.S. at 170.  Failure to show one or the other will preclude review of his claim. *See Engel v. Isaac*, 456 U.S. 107, 134 n.43 (1982).

As cause for his procedural default, Defendant asserts that he was deprived of the effective assistance of counsel.  Attorney error may constitute cause excusing a procedural default if the error amounts to the ineffective assistance of counsel. *Murray v. Carrier*, 477 U.S. 478, 488 (1986).  To establish a claim of ineffective assistance of counsel, Defendant must prove:  (1) that counsel's performance fell below an objective standard of reasonableness; and (2) that counsel's deficient performance prejudiced the defendant resulting in an unreliable or fundamentally unfair outcome. *Strickland v. Washington*, 466 U.S. 668, 687-88  (1984).  A court considering a claim of ineffective assistance must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689.  The defendant bears the burden of overcoming the presumption that the challenged action might be considered sound trial strategy. *Id.* (citing *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)); *see also Nagi v. United States*, 90 F.3d 130, 135 (6th Cir. 1996) (holding that counsel's strategic decisions were hard to attack).  The court must determine whether, in light of the circumstances as they existed at the time of counsel's actions, "the identified acts or omissions were outside the wide range of professionally competent assistance." *Strickland*, 466 U.S. at 690.  Even if a court determines that counsel's performance was outside that range, the defendant is not entitled to relief if counsel's error had no effect on the judgment. *Id.* at 691.

8

In the context of an attorney's alleged failure to appeal, the Supreme Court has indicated that the *Strickland* standard continues to apply. *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000). In reviewing such a claim, "'[j]udicial scrutiny of counsel's performance must be highly deferential.'" *Id.* at 477 (quoting *Strickland*, 466 U.S. at 689). Where an attorney fails to initiate an appeal after being specifically instructed to file, he acts in a manner that is professionally unreasonable. *Flores-Ortega*, 528 U.S. at 477 (citing *Rodriguez v. United States*, 395 U.S. 327 (1969)). However, a defendant who has instructed his attorney not to file an appeal cannot later complain that his counsel performed ineffectively. *Flores-Ortega*, 528 U.S. at 477. Where the defendant has not clearly conveyed his wishes one way or the other, a court must first consider whether counsel consulted with the defendant about an appeal, advising the defendant of the advantages and disadvantages of doing so, and making a reasonable effort to determine the defendant's wishes. *Id.* at 478; *see also Regalado v. United States*, 334 F.3d 520, 524 (6th Cir. 2003). If counsel did consult, his performance is constitutionally deficient only if counsel failed to appeal as expressly instructed by a defendant. *Regalado*, 334 F.3d at 524. If counsel failed to consult, that lack of consultation is professionally unreasonable only where (1) a rational defendant would want an appeal, or (2) a particular defendant reasonably demonstrated to counsel an interest in appealing. *Flores-Ortega*, 528 U.S. at 480. If counsel deficiently failed to consult, a defendant must demonstrate that "there is a reasonable probability that, but for counsel's

9

deficient failure to consult with him about an appeal, he would have timely appealed." *Id.* at 484.

    A.    <u>Failure to Object to Enhancements to Base Offense Level</u>

In his first claim of ineffective assistance of counsel, Defendant asserts that his attorney was ineffective when he failed to object to both the two-level enhancement to Defendant's base offense level for possession of a dangerous weapon and the three-level enhancement for his role as a manager or supervisor.

In response, the government provides a copy of the stipulation of facts signed by Defendant on September 26, 2003, in which Defendant admitted that he had participated in the beating of Albert Brooks with a shovel-type weapon, locked him in the trunk of a car, and later dumped him in the street because Brooks had not paid a drug debt. Defendant also admitted to conspiring with ten others, including Defendant's cousin, Tony Anderson. (Stip. of Facts; Docket #160, Ex. 1.) Defendant does not dispute having signed the stipulation. He argues, however, that because the stipulation was not a formal part of the plea agreement itself, it does not satisfy the due process concerns of *Apprendi*, and counsel therefore should have objected to the upward adjustments based on his admissions.

Defendant's assertions are frivolous. Regardless, of the fact that the admissions were not made at the plea hearing, they were formally admitted by Defendant in the stipulation, which was itself made part of the record at sentencing. (Stip. of Facts; Sent. Tr. at 9-18.) Defendant clearly stated on the record at sentencing that he had had the opportunity to review

the Presentence Report and to discuss it with his attorney. (Sent. Tr. at 3.) He specifically declined his opportunity to speak in his own behalf at the sentencing hearing. (Sent. Tr. at 9.) In sum, Defendant's admissions would have rendered futile any objection by defense counsel.

Defendant argues, however, that counsel should have understood that *Apprendi* barred the use of judicially determined facts to enhance his sentence under the Sentencing Guidelines. He therefore contends that counsel was ineffective in advising Defendant to sign the stipulation of facts. Indeed, in his brief in support of the motion to vacate, Defendant goes so far as to suggest that counsel "threatened" him into pleading guilty by advising him that if he did not admit to the possession of a dangerous weapon and to being a manager or supervisor, he ran the risk of being found deserving of not only those two enhancements, but also of an enhancement for obstruction of justice and denial of a reduction for acceptance responsibility, which could cost him an additional five levels of upward adjustment.

Defendant's description of counsel's advice not only does not support his argument of coercive conduct, but instead strongly suggests that counsel's recommendation was both reasonable and strategic. *See Strickland*, 466 U.S. at 689 (court must apply strong presumption that counsel's conduct was reasonable and strategic). Far from representing a threat, counsel's advice to Defendant demonstrates that he was fully advising his client concerning the likelihood that the government would prove its claims that Defendant was a manager and that he possessed a dangerous weapon. Counsel reasonably advised Defendant

11

that, were the government to prove the conduct that Defendant refused to admit, the Court would be more likely to adopt the recommendation of the probation department to find Defendant had obstructed justice and failed to accept responsibility in a timely fashion.

Moreover, Defendant's entire argument on this point rests on his contention that counsel was ineffective for failing to appreciate that *Apprendi* barred the Court from making factual determinations in applying the sentencing guidelines. The *Apprendi* claim also is raised separately by Defendant, and he attempts to show ineffective assistance of counsel as cause for not having raised the claim on direct appeal.

In *Apprendi*, 530 U.S. 466 (2000) the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime *beyond the statutory maximum* must be submitted to a jury, and proved beyond a reasonable doubt." *Id.* at 489 (emphasis added). After *Apprendi*, the Sixth Circuit consistently held that the case applies only where the judicial sentencing finding increases the penalty beyond the prescribed statutory maximum and does not apply to the Guidelines. *See, e.g., United States v. Lawrence*, 308 F.3d 623, 634 (6th Cir. 2002); *United States v. Garcia*, 252 F.3d 838, 843 (6th Cir. 2001); *see also United States v. DeJohn*, 368 F.3d 533, 546 (6th Cir. 2004); *United States v. Helton*, 349 F.3d 295, 299 (6th Cir. 2003); *United States v. Solorio*, 337 F.3d 580, 597 (6th Cir. 2003). In other words, at the time of Defendant's sentencing in 2003, the Sixth Circuit had squarely and repeatedly rejected his argument that *Apprendi* barred judicial fact-finding at sentencing that would increase any sentencing guideline level. As a consequence,

had the issue been raised at sentencing, the law of the Sixth Circuit would have prevented this Court from applying *Apprendi* to the federal sentencing guidelines. Counsel cannot be found constitutionally ineffective for failing to raise an argument that would have been futile at the time it was made. *See Maples v. Coyle*, 171 F.3d 408, 427 (1999).

Moreover, four years after the Supreme Court's decision in *Apprendi*, the Court addressed the application of *Apprendi* to the State of Washington's sentencing guidelines. *See Blakely v. Washington*, 542 U.S. 296, 124 S. Ct. 2531 (2004). The *Blakely* Court concluded that *Apprendi* barred the increase of a sentence under state sentencing guidelines on the basis of any factual finding not made by a jury beyond a reasonable doubt. *Blakely*, 124 S. Ct. at 3537. Yet even after *Blakely*, the Sixth Circuit continued to hold that neither *Apprendi* nor *Blakely* applied to the federal sentencing guidelines, but instead applied only where the finding increases the penalty beyond the prescribed statutory maximum. *See United States v. Koch*, 383 F.3d 436, 440 (6th Cir. 2004) (*en banc*).

Further, at the time of the sentencing hearing, both the Supreme Court and the Sixth Circuit had routinely rejected all constitutional challenges to the sentencing guidelines since their adoption. *See, e.g., Edwards v. United States*, 523 U.S. 511 (1998) (rejecting a Sixth Amendment challenge to judicial findings of fact); *Mistretta v. United States*, 488 U.S. 361, 412 (1989) (rejecting challenge to guidelines on nondelegation and separation-of-powers grounds); *Lawrence*, 308 F.3d at 634 (rejecting Sixth Amendment challenge under *Apprendi*). Counsel therefore had no reason to anticipate the change in the law that occurred in *United*

*States v. Booker*, 125 S. Ct. 738 (2005) (applying *Blakely* and *Apprendi* to the sentencing guidelines).

Finally, the Sixth Circuit squarely has held that the Supreme Court's decision in *Booker*, 125 S. Ct. 738, and its earlier decision in *Blakely*, 542 U.S. 296, both constituted "new rules" of criminal procedure, though they did not meet the requirements for retroactive application set forth by the Supreme Court in *Teague v. Lane*, 489 U.S. 288 (1989). *See Humphress v. United States,* 398 F.3d 855, 860-63 (6th Cir. 2005). The Sixth Circuit's determination that the decisions were new rules strongly suggests that reasonable counsel could have been expected to anticipate the change.

Taken together, not only does the evidence suggest that Defendant fully agreed to his responsibility for the upward adjustments to his sentence, but also, at the time of sentencing, competent counsel would have understood that any challenge to the sentence under *Apprendi* was not supported by either Sixth Circuit or Supreme Court precedent. Competent counsel would not have anticipated the Supreme Court's application of *Apprendi* to the sentencing guidelines. As a result, defense counsel's representation at sentencing, when evaluated from the perspective of case law existing at the time of sentencing, did not fall below an objective standard of reasonableness. *Strickland*, 466 U.S. at 689.

    B.    <u>Failure to Consult Regarding Appeal</u>

In his second challenge to the effectiveness of defense counsel, Defendant asserts that his attorney failed adequately to consult with him regarding the availability of an appeal. He

14

avers that, while the Court advised him of his right to appeal and notified him that any appeal must be filed within ten days, counsel did not consult with him regarding the advantages and disadvantages of proceeding on appeal. (Pl. Aff., ¶¶4, 5.) He states that he "would have instructed Mr. Stevens to file a timely Notice of Appeal had [he] known anything about the appeal process as [he] believed that the enhancements were incorrect." (Pl. Aff., ¶6.)

Defendant does not suggest that he specifically instructed his attorney to file an appeal. As a result, counsel's performance was not professionally unreasonable under the first circumstance discussed in *Flores-Ortega*, 528 U.S. at 477 (holding that where an attorney fails to initiate an appeal after being specifically instructed to file, he acts in a manner that is professionally unreasonable).

Second, trial counsel strongly disputes Defendant's contention that he did not consult. He avers that, at the time Defendant signed the stipulation of facts, he was shown Defendant's Sentencing Memorandum of Law. At that time, also, counsel conferred with Defendant about the possibility of appeal. Counsel advised Defendant that, assuming the Court sentenced at the low end of the guideline range, counsel saw no grounds for appeal. Since the filing of counsel's detailed affidavit ten months ago, Defendant has done nothing to respond to that affidavit. Defendant's general affidavit is inadequate to raise a serious dispute to counsel's representations. As the Supreme Court held in *Flores-Ortega*, "'[j]udicial scrutiny of counsel's performance must be highly deferential.'" *Id.* at 477 (quoting *Strickland*, 466 U.S. at 689). Applying such deference to Defendant's own failure to rebut counsel's affidavit, it

15

appears that defense counsel consulted with Defendant and may only be found ineffective if he failed to file an appeal as expressly requested. *Flores-Ortega*, 528 U.S. at 478. As the Court has noted, Defendant does not even argue that he made such a request.

Third, even assuming that counsel did not confer with Defendant about the advantages and disadvantages of filing an appeal, Defendant cannot demonstrate counsel was ineffective on the facts of this case. As the Court previously has discussed, if counsel failed to consult, that lack of consultation is professionally unreasonable only where (1) a rational defendant would want an appeal, or (2) a particular defendant reasonably demonstrated to counsel an interest in appealing. *Flores-Ortega*, 528 U.S. at 480. Defendant nowhere suggests that he demonstrated an interest in appealing. Further, a rational defendant would not wish to file an appeal in the instant case. At the time of his conviction and sentence, Defendant had no viable claim under *Apprendi* or *Blakely*, notwithstanding his present assertions. He had no unresolved objections to his presentence report. The Court had declined to impose an upward adjustment to Defendant's offense level on the grounds that he had obstructed justice. Defendant had received a reduction of three points for the timely acceptance of responsibility. And the Court had sentenced Defendant to the very bottom of the Sentencing Guideline range, 47 fewer months than the sentence recommended by the government. No rational defendant under these circumstances would seek to appeal his sentence.

Accordingly, Defendant's independent claims of ineffective assistance of counsel are without merit. Further, because counsel's performance was not constitutionally ineffective,

it cannot serve as cause to excuse his procedural default of the remaining claims.[1]  Where a petitioner fails to show cause, the Court need not consider whether he has established prejudice.  *See Engle v. Isaac*, 456 U.S. 107, 134 n.43 (1982).  Because Defendant has failed to meet the cause and prejudice standard, he is barred from raising his sentencing issues in this § 2255 proceeding.

## IV.

The files and records in this case conclusively show that the Defendant is entitled to no relief under § 2255.  Accordingly, no evidentiary hearing is required to resolve the merits of the pending motion.  For the reasons stated herein, the motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 must be denied.  An order consistent with this opinion will be entered.


Date:    October 28, 2005            /s/ Robert Holmes Bell
                                     ROBERT HOLMES BELL
                                     CHIEF UNITED STATES DISTRICT JUDGE

---

[1] Even had Defendant demonstrated the necessary cause, he could not demonstrate prejudice, since his claims under *Apprendi* and *Blakely* are patently without merit.  The Sixth Circuit squarely has held that the Supreme Court's decision in *Booker*, 125 S. Ct. 738, and its earlier decisions in *Blakely*, 542 U.S. 296, and *Apprendi*, 530 U.S. 466, constituted "new rules" of criminal procedure, though they did not meet the requirements for retroactive application set forth by the Supreme Court in *Teague*, 489 U.S. 288.  *See Humphress,* 398 F.3d at 860-63.  As a consequence, Defendant would not have been entitled to relief on these claims.