UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

        File No. 1:02-CR-38

        HON. ROBERT HOLMES BELL

DAVID LEMAR ANDERSON,

        Defendant.
        _____/

**ORDER GRANTING LEAVE TO APPEAL *IN FORMA PAUPERIS*
AND DENYING CERTIFICATE OF APPEALABILITY**

On October 28, 2005, this Court entered an opinion and order (Docket ##179, 180) denying Defendant David Anderson's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. Defendant has now filed a notice of appeal and a motion for leave to proceed *in forma pauperis* on appeal (Docket #190). The Court also must consider whether to grant Defendant a certificate of appealability.

Sixth Circuit Internal Operating Procedure 5.1 provides that a $450.00 docketing fee and a $5.00 filing fee must be paid to the district court when a notice of appeal is filed. A prisoner who is unable to pay the required filing fees may seek leave to appeal in a § 2255 action pursuant to Rule 24(a) of the Federal Rules of Appellate Procedure. *Kincade v. Sparkman*, 117 F.3d 949, 952 (6th Cir. 1997). Defendant has complied with Rule 24(a), which requires him to file a motion for leave to proceed *in forma pauperis* and an affidavit

showing his inability to file the required fees (as prescribed by Form 4 of the Appendix of Forms), his belief that he is entitled to redress, and a statement of the issue he intends to present on appeal. The documents show that Defendant is unable to pay the filing and docket fees required for an appeal. In light of his indigence, Defendant may proceed *in forma pauperis* on appeal without pre-paying or giving security for fees and costs. FED. R. APP. P. 24(a)(2). Therefore, Defendant is not required to pay the $455 fee for filing an appeal. *See Kincade*, 117 F.33d at 951 (holding that 28 U.S.C. § 1915(b) provides that the fee provisions of the Prison Litigation Reform Act of 1995 do not apply to an appeal from a decision on an application for habeas relief.)

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Defendant has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

To warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, the Court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of a petitioner's claims. *Id.*

Applying this standard, this Court finds no basis for issuance of a certificate of

appealability from its October 28, 2005 opinion and order. In that opinion and order, the Court rejected Defendant's claims of constitutional error under the standards set forth in the Antiterrorism and Effective Death Penalty Act. Defendant has not pointed to any flaw in the Court's reasoning or any issue of fact or law overlooked in the adjudication of his petition. The Court concludes that reasonable jurists could not find that this Court's dismissal of any of Defendant's claims was debatable or wrong, and therefore, the Court will deny Defendant a certificate of appealability.

Accordingly,

**IT IS ORDERED** that Defendant David Anderson's motion for leave to proceed *in forma pauperis* on appeal (Docket #190) is **GRANTED**.

**IT IS FURTHER ORDERED** that a certificate of appealability under 28 U.S.C. § 2253(c)(2) (Docket #) is **DENIED**.

Date:   July 10, 2007                    /s/ Robert Holmes Bell
                                         ROBERT HOLMES BELL
                                         CHIEF UNITED STATES DISTRICT JUDGE